UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIXIS, FRANCE,<br><br>                                Plaintiff,<br><br>   -against-<br><br>M/V TORM HARDRADA, IMO No. 9344007, her engines, tackle, equipment, furniture, appurtenances, etc., *in rem*<br><br>                                Defendant. | No. _____\<br><br>Admiralty |

## VERIFIED COMPLAINT

NOW COMES, plaintiff, Natixis, France ("Natixis"), and files this Verified Complaint against defendant *in rem*, the M/V TORM HARDRADA, IMO No. 9344007, her engines, tackle, equipment, furniture, appurtenances, etc. ("TORM HARDRADA"), on information and belief, as follows:

**I.    JURISDICTION AND VENUE**

1.

This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and within the meaning of Federal Rule of Civil Procedure 9(h) for breach of an ocean bill of lading. This action is brought pursuant to and in accordance with Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Admiralty Rule C") to enforce Natixis' maritime lien against the TORM HARDRADA for the non-delivery / misdelivery of cargo as more fully explained herein.

2.

Venue is proper in this District in accordance with Admiralty Rule C as the TORM

{N1823310 -}                                                      1

HARDRADA is presently, or is expected to be, within the physical jurisdiction of this Court during the pendency of this action.

## II. PARTIES

3.

Plaintiff, Natixis, is a joint company organized under the laws of France, with its principal office in Paris.  At all times relevant herein, Natixis was the consignee of a bill of lading, designated order number 116655-000010, a true and correct copy of which is attached as Exhibit A (hereafter "the Bill of Lading").

4.

At all material times defendant *in rem*, TORM HARDRADA was and is, upon information and belief, an oil products tanker, owned by OCM Singapore Njord Holdings Hardrada Pte Ltd., and operated and/or managed by Torm A/S.

## III. THE BILL OF LADING

5.

On May 20, 2020, Amith Thomas Paul, the Master of the TORM HARDRADA, issued the Bill of Lading, on which ExxonMobil Sales and Supply LLC, based in Spring, Texas, is identified as the Shipper, for the shipment by the TORM HARDRADA of 40,533.05 metric tons of fuel (grade Jet A-1) from King Fahd Port, Yanbu, Saudi Arabia to the port of Rotterdam, The Netherlands, to the order of Natixis.

6.

The reverse side of the Bill of Lading is and remains blank, and the original Bills of Lading which remain in the custody of Natixis, having never been tendered.

7.

Instead of delivery to Natixis at Rotterdam upon presentation of the original Bill of Lading, the TORM HARDRADA delivered the fuel (grade Jet A-1) to Vitol Bahrain E.C. at Fujairah, United Arab Emirates.

8.

After loading of the cargo of fuel (grade Jet A-1), the sailing of the TORM HARDRADA resulted in the ratification of the Bill of Lading.  See, e.g., *Demsey & Assoc. v. S.S. SEA STAR*, 461 F.2d 1009, 1015 (2d Cir. 1972).  See also *Cactus Pipe & Supply Co., Inc. v. M/V MONTMARTRE*, 756 F.2d 1103, 1113 (5th Cir. 1983).

9.

As a result of the misdelivery and non-delivery of the foregoing cargo, Natixis has suffered the loss of the cargo valued at $12,423,380.00, other damages, costs and interest.

10.

Accordingly, Natixis is owed damages in the amount of $12,423,380.00, plus prejudgment interest calculated through November 16, 2020, in the amount of $549,887.31, which interest continues to accrue, for a presently owed amount of **US$ 12,973,267.31**.

IV.     **REQUEST FOR THE MARITIME ARREST OF THE TORM HARDRADA**

11.

Upon information and belief, the TORM HARDRADA is or will be within this District during the pendency of this admiralty and maritime claim for misdelivery and/or non-delivery of cargo for which Natixis has a maritime lien against the TORM HARDRADA *in rem.*  See *SEA STAR*, 461 F.2d at 1015; *MONTMARTRE*, 756 F.2d at 1113.

12.

Pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Natixis is entitled to arrest the TORM HARDRADA to satisfy Natixis' claims, including but not limited to pre-judgment interest, costs, and expenses as alleged with more specificity *supra*.

13.

Natixis agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest and attachment of the aforesaid TORM HARDRADA.

All and singular the foregoing premises are true and correct within the admiralty jurisdiction of this Honorable Court.

**WHEREFORE**, plaintiff, Natixis, France, prays:

1. That this Verified Complaint be deemed good and sufficient;

2. That process in due form of law, according to the rules and practices of this Honorable Court, issue against the M/V TORM HARDRADA, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, by way of arrest pursuant to Supplemental Admiralty Rule C, and that all persons claiming interest in said vessel be required to appear and to answer under oath, all and singular the matters aforesaid;

3. That after due proceedings are had, there be judgment entered in favor of plaintiff, Natixis, France, and against defendant, the TORM HARDRADA, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, requiring

defendant to pay damages to plaintiff in the amount of **US$ 12,973,267.31** for the misdelivery and/or non-delivery of the cargo of fuel (grade Jet A-1) delivered to and shipped aboard the TORM HARDRADA, and all other damages as may be proven at trial, with prejudgment interest, and all costs of these proceedings; and,

4. That this Court grant Natixis, France such other and further relief as may be just and proper.

Dated: New York, New York
November 13, 2020

| | |
|---|---|
| KING & JURGENS, L.L.C.<br>JAMES D. BERCAW<br>(*Admission pro hac vice to be applied for*)<br>ROBERT J. STEFANI (*Pro hac vice*)<br>LAURENT J. DEMOSTHENIDY<br>(*Admission pro hac vice to be applied for*)<br>201 St. Charles Avenue, 45th Floor<br>New Orleans, Louisiana  70170<br>Phone:  (504) 582-3800<br>Fax:  (504) 582-1233<br>Email: jbercaw@kingjurgens.com<br>       rstefani@kingjurgens.com<br>       ljd@kingjurgens.com | BLANK & ROME LLP<br>Thomas H. Belknap Jr.<br><br>*/s/ Thomas H. Belknap, Jr.*<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Phone: (917) 523-4360<br>Fax: (917) 332-3795<br>Email: tbelknap@blankrome.com |

*Attorneys for plaintiff, Natixis, France*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Thomas H. Belknap, Jr., verify under penalty of perjury that the following declarations are true and correct:

1. I am an attorney at law admitted to practice before this Honorable Court.

2. I am a partner in the law firm of Blank Rome LLP, attorneys for plaintiff, Natixis, France.

3. I have read the foregoing Verified Complaint and know the contents thereof, and that the same are true to the best of my knowledge, information and belief.

4. The reason I am making this declaration and not plaintiff, Natixis, France, is that plaintiff is a legal entity, no officers of directors of which are now in this district.

5. The sources of my information and belief are my individual investigation, statements made to me by representatives of plaintiff, and documents provided by same.

Executed on this 13th day of November, 2020 at Westport, CT.

*/s/ Thomas H. Belknap, Jr.*
THOMAS H. BELKNAP, JR.